**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SUPERIOR COURT, et. al.<br><br>　　　　Defendant. | Case No.: 1:13-cv-01204-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

**I.**

**INTRODUCTION**

Plaintiff Richard Jimenez ("Plaintiff"), a pretrial detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 2, 2013.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims.  The Court will order Plaintiff either to amend his complaint to cure the deficiencies in his non-cognizable claims or to notify the Court that he does not wish to amend and wishes to proceed only on the claims found to be cognizable in this order.

///

///

///

///

1

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

On July 20, 2013, while housed at the Fresno County jail, Plaintiff contends that during the afternoon session of the proceedings in the Fresno County Superior Court, Fresno County Deputy Sheriff Mark Redfield attacked and assaulted him. Plaintiff claims Deputy Redfield grabbed him by

the "neck collar" and pushed him approximately 20 to 30 feet causing his head and body to "crash" into a solid wood door resulting in bleeding to his left eye, injury to his left elbow and neck, and damage to his optical glasses.  Plaintiff contend that the assault took place while his arms and ankles were handcuffed preventing him from defending against the assault.

In addition to Deputy Redfield, Petitioner names Fresno County Sheriff Margaret Mims, the Fresno County Sheriff's Department, and Fresno County Superior Court Judge Alan Simpson, as defendants.

## IV.

## DISCUSSION

### A.     Excessive Force

It is the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment which protests pretrial detainees such as Plaintiff "from the use of excessive force that amounts to punishment. " Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citation omitted).  Thus, the Fourth Amendment sets the applicable constitutional limitations for considering such claims.  Id.  Claims are analyzed under the objective unreasonableness standard, which requires an evaluation of "'whether officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'"  Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)).

Plaintiff's allegations are sufficient to state a claim against Defendant Deputy Redfield, who allegedly assaulted Plaintiff.

### B.     Supervisory Liability

As noted, Plaintiff also names Fresno County Sheriff Margaret Mims as a defendant in this action.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676-677.  A supervisor may be held liable for the constitutional

1  violations of his or her subordinates only if he or she "participated in or directed the violations, or
2  knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
3  1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School
4  Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th
5  Cir. 1997).
6        Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory
7  liability claim against Sheriff Mims. The only basis for such a claim would be respondeat superior,
8  which is precluded under section 1983. Iqbal, 556 U.S. at 676-677.
9        **C.**      **Municipal Liability**
10       Plaintiff names the Fresno County Sheriff's Department as a defendant in this action.
11       A local government unit may not be held responsible for the acts of its employees under a
12 respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691
13 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-1164 (9th Cir. 2003). Generally, a claim against a local
14 government unit for municipal or county liability requires an allegation that "a deliberate policy,
15 custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."
16 Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris,
17 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be
18 imposed where the local government unit's omission led to the constitutional violation by its
19 employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the
20 municipality's deliberate indifference led to its omission and that the omission caused the employee to
21 commit the constitutional violation." Id. Deliberate indifference requires a showing "that the
22 municipality was on actual or constructive notice that its omissions would likely result in a
23 constitutional violation." Id.
24       The abuse of power through the use of excessive force by a county deputy does not confer
25 liability upon the county itself absent a showing that the county inflicted the injury complained of
26 through its acts or omissions. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).
27 A claim against a municipality for failure to train may only be premised on a deliberate or conscious
28

choice not to train.  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1250 (9th Cir. 2010).  Plaintiff's complaint contains no facts to support a claim for municipal liability.

### D.      Judicial Immunity

Lastly, Plaintiff names Fresno County Superior Court Judge Alan Simpson as a defendant in this action.

The judge presiding over Plaintiff's case has absolute immunity.  Forrester v. White, 484 U.S. 219, 225 (1988).  The Ninth Circuit has stated: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities."  Ashelman v. Pope, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing Richardson v. Koshiba, 692 F.2d 911, 913 (9th Cir. 1982).  Thus, the doctrine of judicial immunity protects "judicial independent by insulating judges from vexatious actions prosecuted by disgruntled litigants."  Forrester, 484 U.S. at 255.

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).  Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains.  See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes action which are in error, are done maliciously, or are in excess of his authority").  Plaintiff has not set forth any allegations demonstrating that judicial immunity should not apply in this case.  Accordingly, Plaintiff has failed to state a claim against Fresno County Superior Court Judge Alan Simpson.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Deputy Redfield for excessive force in violation of the Fourth Amendment.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607

(7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendant Redfield, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.  Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

     Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Martinez (law librarian) for excessive force; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 10, 2013**  
UNITED STATES MAGISTRATE JUDGE