# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JIMENEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>FRESNO COUNTY SUPERIOR COURT, et.al.<br><br>   Defendant. | Case No.: 1:13-cv-01204-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(ECF No. 22) |

Plaintiff Richard Jimenez ("Plaintiff"), a pretrial detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 2, 2013.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 24, 2013.  Local Rule 302.

## I.

## BACKGROUND

On March 10, 2014, the Court issued an order directing the United States Marshal to serve the complaint on Defendant Redfield.  The Court's order was returned as undeliverable on March 26, 2014.  On May 9, 2014, the Court issued a subsequent discovery and scheduling order, which was also returned as undeliverable on May 19, 2014.

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the

1  U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-
2  three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for
3  failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action
4  for failure to prosecute. Courts may dismiss actions sua sponte under Rule 41(b) based on the
5  plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683,
6  689 (9th Cir. 2005) (citation omitted). Plaintiff's address change was due by May 28, 2014, but he
7  failed to file one and he has not otherwise been in contact with the Court.

8  On June 9, 2014, the Court issued an order to show cause why the action should not be
9  dismissed. The Court's order was returned as undeliverable on June 18, 2014, and Plaintiff failed to
10 respond to the Court's order. Thus, dismissal of the action is warranted.

## II.

## DISCUSSION

13 "In determining whether to dismiss an action for lack of prosecution, the district court is
14 required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)
15 the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
16 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey
17 v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord
18 Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA)
19 Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in
20 deciding what to do, and are not conditions that must be met in order for a court to take action. In re
21 PPA, 460 F.3d at 1226 (citation omitted).

22 This case has been pending since 2013, and the expeditious resolution of litigation and the
23 Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. Further, the opposing
24 party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery
25 phase of the litigation. Id.

26 With respect to the fourth factor, "public policy favoring disposition of cases on their merits
27 strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility
28 it is to move a case toward disposition on the merits but whose conduct impedes progress in that

direction." Id. at 1228.

Finally, given the Court's and Defendant's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441.

### III.
### ORDER

Accordingly,

IT IS HEREBY ORDERED that this action is DISMISSED, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **July 11, 2014**

UNITED STATES MAGISTRATE JUDGE